MEYERS, J.,
filed a statement dissenting to the denial of Appellant’s motion for rehearing.
The court of appeals got it right in this case. The warrant was not supported by probable cause that the items identified would be found at the residence listed in the warrant. Additionally, the warrant did not describe the location to be searched with sufficient particularity to ensure that the officer searched the correct location or that the scope of the officer’s search was narrowed to the specific location listed in the warrant.
The majority discusses the officer’s familiarity with the residence, but I would think that an officer who was so familiar with the residence would at least get the address correct, even if he was unsure of the roof color. The majority also notes the significance of the officer’s testimony from the hearing on the motion to suppress that the location intended to be searched was the actual location searched. I’m sure the fact that methamphetamine and drug paraphernalia were found at the actual location searched factored into that conclusion. I would grant Appellant’s motion for rehearing and reconsider our decision to reverse the court of appeals.